# UNITED STATES DISTRICT COURT

for

## WESTERN DISTRICT OF TENNESSEE

FILED BY ____ D.C.

04 NOV -8 PM 2: 30

ROBERT R. Di TROLIO
CLERK, U.S. DIST. CT.
W.D. OF TN, MEMPHIS

**U.S.A. vs. CHESTER LEE MORGAN**                    Docket No. **2:98CR20239-001**

### Petition on Probation and Supervised Release

**COMES NOW** __CHRISTY J. HENSON__    **PROBATION OFFICER OF THE COURT** presenting an official report upon the conduct and attitude of Chester Lee Morgan who was placed on Supervised Release by the Honorable Julia Smith Gibbons , sitting in the Court at Memphis, TN on the 12th day of November, 1999* , who fixed the period of supervision at three (3) years**, and imposed the general terms and conditions theretofore adopted by the Court and also imposed Special Conditions and terms as follows:

The defendant shall participate in substance abuse treatment/testing as deemed appropriate by the Probation Office.

*        **Original Judgment: November 12, 1999; Judgment Amended: June 6, 2000**
**       **Term of Supervised Release Began December 31, 2001.**

## RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:

### (PLEASE SEE ATTACHED)
Page 2

**PRAYING THAT THE COURT WILL ORDER a WARRANT** be issued for Chester Lee Morgan to appear before the Court to answer charges of violation of Supervised Release.

BOND: 3500 w/ Not to be posted with Clerk office

### ORDER OF COURT
Considered and ordered this 8 day of Nov , 20 04 and ordered filed and made a part of the records in the above case.

United States District Judge

Respectfully,

Christy J. Henson
Probation Officer

**Place:** Memphis, Tennessee

**Date:** November 1, 2004



PROB 12
MORGAN, Chester Lee
Docket No.2:98CR20239-001
Page 2

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

**THE DEFENDANT HAS VIOLATED THE FOLLOWING CONDITIONS OF SUPERVISED RELEASE:**

**The defendant shall not leave the judicial district without the permission of the Court or the Probation Officer.**

On September 2, 2004, Chester Lee Morgan did leave the judicial district without the Court or Probation Officer. Mr. Morgan was stopped while returning to the judicial district on September 5, 2004. He was a passenger on Flight 106, Pace Airlines, returning from Cancun, Mexico.

**The defendant shall notify the Probation Officer within seventy-two (72) hours of being arrested or questioned by a law enforcement officer.**

On September 5, 2004, Chester Lee Morgan was stopped by a law enforcement officer of U.S. Inspection and Control at the Memphis International Airport. Mr. Morgan failed to notify this officer within (72) seventy-two hours as required.

**The defendant shall answer truthfully all inquiries by the Probation Officer and follow the instructions of the Probation Officer.**

Mr. Morgan failed to answer truthfully when questioned by the Probation Officer regarding his September 5, 2004, contact with law enforcement officers.

# VIOLATION WORKSHEET

1. Defendant _____ CHESTER LEE MORGAN  (4260 Steffan Woods, Bartlett, TN 38135) _____

2. Docket Number (Year-Sequence-Defendant No.) _____ 2:98CR20239-01 _____

3. District/Office _____ Western District of Tennessee (Memphis) _____

4. Original Sentence Date

| 11 | 12 | 1999 |
|----|----|------|
| month | day | year |

*(If different than above):*

5. Original District/Office _____

6. Original Docket Number (Year-Sequence-Defendant No.) _____

7. List each violation and determine the applicable grade {see §7B1.1}:

| Violation{s} | Grade |
|---|---|
| **Leaving the judicial district without the permission of the Court or Probation Officer.** | C |
| **Failure to notify the Probation Officer within seventy-two hours of being arrested or questioned by law enforcement.** | C |
| **Failure to answer truthfully all inquiries by the Probation Officer.** | C |
| | |
| | |

8. Most Serious Grade of Violation (see §7B1.1(b)) — **C**

9. Criminal History Category (see §7B1.4(a))74 — **III**

10. Range of imprisonment (see §7B1.4(a)) — | 5 - 11 months |

Statutory Maximum: Two (2) Years

11. Sentencing Options for Grade B and C violations Only (Check the appropriate box):

{X}  (a)   If the minimum term of imprisonment determined under §7B1.4(Term of Imprisonment) is at least one month but not more than six months,  §7B1.3©) (1) provides sentencing options to imprisonment.

{ }  (b)   If the minimum term of imprisonment determined under  §7B1.4(Term of Imprisonment) is more than six  months but not more than ten months, §7B1.3©) (2) provides sentencing options to imprisonment.

{ }  ©)   If the minimum term of imprisonment determined under §7B1.4(Term of Imprisonment) is more than ten  months, no sentencing options to imprisonment are available.

**Mail documents to: United States sentencing Commission, 1331 Pennsylvania Avenue, N.W.**
**Suite 1400, Washington, D.C., 20004, Attention:  Monitoring Unit**

Defendant    CHESTER LEE MORGAN

**12.    Unsatisfied Conditions of Original Sentence**

List any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation {see §7B1.3(d)}:

Restitution ($) _____N/A_____    Community Confinement _____N/A_____

Fine ($) _____N/A_____    Home Detention _____N/A_____

Other _____N/A_____    Intermittent Confinement _____N/A_____

**13.    Supervised Release**

If probation is to be revoked, determine the length, if any, of the term of supervised release according to the provisions of §§5D1.1-1.3 {see §§7B1.3(g)(1)}.

Term: _____N/A_____ to _____N/A_____ years

If supervised release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment impossible upon revocation, the defendant may, to the extent permitted by law, be ordered to recommence supervised release upon release from imprisonment {see 18 U.S.C. §3583(e) and §7B1.3(g)(2)}.

Period of supervised release to be served following release from imprisonment: _____0_____

**14.    Departure**

List aggravating and mitigating factors that may warrant a sentence outside the applicable range of imprisonment:

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**15.    Official Detention Adjustment {see §7B1.3(e)}: months _____ days _____**

**Mail documents to:  United States Sentencing Commission, 1331 Pennsylvania Avenue, N.W. Suite 1400, Washington, D.C., 20004, Attention:  Monitoring Unit**

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 119 in
case 2:98-CR-20239 was distributed by fax, mail, or direct printing on
November 8, 2004 to the parties listed.

Thomas A. Colthurst
U.S. ATTORNEY'S OFFICE
167 N. Main St.
Ste. 800
Memphis, TN 38103

Honorable Julia Gibbons
US DISTRICT COURT